EWELL LEMONS V. THE STATE.

No. 16020. Delivered June 7, 1933.
Appeal Reinstated June 23, 1933.
Reported in 62 S. W. (2d) 128.

The opinion states the case.

*Newman & McCollum,* of Brady, and *Callaway & Callaway,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment, a fine of two hundred fifty dollars and confinement in jail for ninety days.

It is recited in the recognizance that appellant has been convicted of a felony. The conviction being for a misdemeanor, under article 831, C. C. P., it should have been shown in the recognizance that the conviction was for a misdemeanor.

Appellant is granted fifteen days from this date in which to perfect his appeal.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON THE MERITS.

CHRISTIAN, JUDGE.—The record having been perfected,

the appeal is reinstated and the case considered on its merits.

Under an indictment charging him with assault with intent to murder, alleged to have been committed upon Roy Allen, appellant was convicted of an aggravated assault.

The issue of guilt was closely contested. The injured party testified that while he and appellant were at a dance appellant cursed him and knocked him down. He said he got out from under appellant and struck at appellant with his fist. He testified that appellant then stabbed him with a knife. Appellant's witnesses testified that the injured party made the first attack. They said he hit appellant in the face with his fist and knocked him down, and that as appellant got up he knocked him down again, and that thereupon appellant cut him with a knife. Some of the witnesses for the state testified that the injured party knocked appellant down once or twice before appellant cut him.

As shown in bill of exception No. 6, the court refused to permit the district attorney to ask appellant's wife on cross-examination whether appellant was drunk or sober on the occasion of the fight. Again, it is shown in the bill that the court sustained appellant's objection to the following question propounded to the wife by the district attorney: "Is it not a fact that while the dance was in progress you asked Henry Behrens to go out and look after your husband, that you thought he was drinking?" Notwithstanding the court sustained the objection and declined to require the witness to answer the question, the district attorney, as shown in the bill of exception, placed Henry Behrens on the witness stand and asked him if he had a conversation with appellant's wife shortly before the difficulty. This question was answered in the affirmative. The district attorney then asked the witness if appellant's wife made a request of him. Appellant timely and properly objected. Upon the objection being overruled, the witness answered that she did make a request of him. Testimony on the part of the wife to the effect that she had asked a third party to watch out for her husband because he was drinking was likely to have been interpreted as meaning that appellant's wife believed that he might get into trouble. Such testimony would have tended to weaken appellant's defensive testimony to the effect that the injured party began the difficulty, and that he (appellant) acted in defense of himself. We think the trial court correctly ruled that the district attorney had no right to elicit from the wife the fact that she requested Behrens to look out for her husband because of the fact that he was drinking. However, under the

circumstances, in permitting the state to prove by Behrens that appellant's wife had made a request of him, the court, in effect, permitted the state to carry to the jury the information that appellant's wife had requested Behrens to watch out for appellant. Appellant was not present when the request was made. We are constrained to hold that the matter presents reversible error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.